**Elsie Jean WILLIAMS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 24119.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1967.

Elsie Jean Williams, pro se.

B. H. Timmins, Jr., Asst. U. S. Atty., Dallas, Tex., for appellee.

Before RIVES, GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

Appellant sought relief under 28 U.S. C. § 2255 in the district court, where her petition was denied without a hearing. She had been convicted on her own plea of guilty of violation of 18 U.S.C. § 1708, which is concerned with mail theft and the possession of stolen mail. Of the original thirty-six counts in the indictment, the Government withdrew eighteen which pertained to the alleged violation of another statute. Of the eighteen remaining counts, defendant pled guilty to ten, each of which potentially carried a maximum penalty of a $2,000 fine or five years in prison, or both. Presumably the eight other counts, as to which no plea was entered, were dismissed.

The district court sentenced defendant to five years in prison on each of three

counts, those terms to run consecutively. On each of the other counts to which a plea of guilty was entered, the court imposed a five-year prison sentence, to run concurrently with the fifteen-year total.

We have been unable to determine from the record the nature of the circumstances on which the sixteen counts of violating section 1708 were based. The record of the trial includes a remark by the Government attorney that the indictment charged defendant with possession of stolen mail, and that various pieces of mail were listed in the different counts.

If defendant had been charged with mail theft, and if the separate counts involved various pieces of mail all allegedly taken in one mail bag, then she could not be convicted of more than one offense. Wilburn v. United States, 5 Cir. 1964, 326 F.2d 903.

> "The usual test to distinguish separate offenses from elements of a single offense is whether each purported offense would require the proof of a fact not essential to the other." 326 F.2d at 904.

Similarly, we believe that if defendant was charged with possession of various items of stolen mail which allegedly were in her possession as a result of one set of circumstances, then she can be convicted of only one offense. See Castle v. United States, 1961, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75; Ladner v. United States, 1958, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed. 2d 199; Gore v. United States, 1958, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405; Bell v. United States, 1955, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905; Blockburger v. United States, 1932, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306. The denial of appellant's motion by the district court must be reversed and the petition for relief remanded for a determination and clarification of the circumstances upon which the indictment was based.

There is a further problem raised by the petition below. The defendant pled guilty; she continues to admit her guilt. However, the circumstances surrounding the appointment of her counsel on the day of her trial,[1] the coercive effect of the advice allegedly furnished by that counsel,[2] and the potentially coercive effect of the alleged circumstances of defendant's arrest and incarceration[3] may have fatally tainted that plea and impaired the continued admission of guilt.[4] It is not at all clear from the record that defendant had any real understanding of the nature of the indictment and the punishment for which she might be liable. A determination of these circumstances and an evaluation of these allegations therefore must follow a plenary hearing on these matters in the district court. Weed v. United States, 5 Cir. 1965, 342 F. 2d 971; Kennedy v. United States, supra.

Reversed and remanded.

1. Brooks v. State of Texas, 5 Cir. 1967, 381 F.2d 619; Roberts v. Dutton, 5 Cir. 1966, 368 F.2d 465; Mosley v. Dutton, 5 Cir. 1966, 367 F.2d 913.

2. Von Moltke v. Gillies, 1948, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309; MacKenna v. Ellis, 5 Cir. 1960, 280 F.2d 592.

3. Commonwealth of Pennsylvania ex rel. Herman v. Claudy, 1956, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126; United States v. Taylor, 4 Cir. 1962, 303 F.2d 165.

4. Kercheval v. United States, 1927, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009; Kennedy v. United States, 5 Cir. 1957, 249 F.2d 257.