UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph H. DAWSON,
Defendant-Appellant.

No. 85–3623.

United States Court of Appeals,
Eleventh Circuit.

June 11, 1986.

Robert J. Link, Jacksonville, Fla., for defendant-appellant.

Lawrence Gentile, III, Asst. U.S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before HILL, Circuit Judge, HENDERSON[*] and BROWN[**], Senior Circuit Judges.

HILL, Circuit Judge:

This is an appeal from the district court's denial of appellant's motion for correction of sentence pursuant to F.R.Crim.Pro. 35(a). We reverse the decision of the district court, and remand the case to the district court for further proceedings.

## FACTS

Dawson was indicted in Pennsylvania in 1981 on 64 counts of possession of stolen mail, in violation of 18 U.S.C. § 1708. At trial, the government presented evidence tending to show that sixty-four traveler's checks contained in eight separate packages were placed in one mail pouch and placed in a truck in New Jersey to be taken to an airplane in which the pouch was to be sent to Cleveland. The pouch made it to the airfield but never arrived in Cleveland.

One day nearly six months after the mail pouch had vanished, appellant cashed all sixty-four traveler's checks under an assumed name at eight different banks. At trial, Dawson admitted cashing the checks, but testified that he was acting on behalf of a girlfriend who told him that she and her husband had purchased the checks together. According to appellant, he obtained the checks from the girlfriend and cashed the checks using her husband's identification. The government argued that the girlfriend did not exist, and that the defendant was simply using false identification to cash traveler's checks that he knew were stolen.

The jury found against the defendant on all sixty-four counts. Dawson was sentenced to imprisonment for a term of one year on Count One and one year on each of Counts Two through Thirty-one, to be served concurrently with the sentence on Count One. On Count Thirty-two, the imposition of sentence was suspended and the defendant was placed on probation for a period of two years. The imposition of sentence was also suspended and two years of probation was ordered on each of Counts Thirty-three through Sixty-four, to run concurrently with the period of probation ordered on Count Thirty-two. The two year period of probation was ordered to run consecutively to the sentence imposed on Counts One through Thirty-one. As a special condition of probation, the defendant was also ordered to make restitution to the issuer of the traveler's checks.

In late 1982, jurisdiction over appellant's probation was transferred to the United States District Court for the Middle District of Florida. Shortly thereafter, the district court found that Dawson had violated the terms of his probation. The court then revoked the order of the Pennsylvania court placing appellant on probation on Counts Thirty-two through Sixty-four. On November 18, 1982, the district court in Florida sentenced appellant to a five-year term of imprisonment on Count Thirty-two,

---

* See Rule 3(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

** Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

but suspended execution of the sentence and placed appellant on probation for two years. On Counts Thirty-three through Sixty-four, the imposition of sentence was suspended and the defendant was placed on probation for a period of two years, to run concurrently with the period of probation imposed on Count Thirty-two.

The following year, Dawson was again found to have violated the terms of his probation by attempting to sell cocaine and by failing to maintain contact with his probation officer. The district court vacated its order of November 18, 1982, and sentenced the defendant to five year terms of imprisonment on each of Counts Thirty-two through Fifty-six, to run concurrently with each other, and five year terms of imprisonment on each of Counts Fifty-seven through Sixty-four, to run concurrently with each other and consecutive to the sentences imposed on Counts Thirty-two through Fifty-six, for a total term of imprisonment of ten years.

Appellant then filed a motion for correction of sentence, claiming that he should not have been sentenced separately on each of the sixty-four counts. After obtaining a transcript of the Pennsylvania trial, the district court denied the motion. Dawson appeals from that order of the district court.

## DISCUSSION

Although Dawson's failure to object to the indictment charging him with sixty-four separate instances of possession of stolen mail before trial precludes him from challenging the validity of the sixty-four separate convictions obtained, he may still utilize F.R.Crim.Pro. 35(a) to seek relief from the imposition of multiple sentences for the alleged commission of one crime. *See United States v. Mastrangelo,* 733 F.2d 793, 800 (11th Cir.1984) (on direct appeal, holding no waiver of challenge to multiple sentences due to failure to object to indictment). We therefore must decide whether Dawson was sentenced illegally by the Florida court. *See* F.R.Crim.P. 35(a).

The defendant was charged with violation of the third paragraph of 18 U.S.C. § 1708, which reads as follows:

Whoever buys, receives, or conceals, or unlawfully has in his possession, any letter, postal card, package, bag, or mail, or any article or thing contained therein, which has been so stolen, taken, embezzled, or abstracted, as herein described, knowing the same to have been stolen, taken, embezzled, or abstracted—

... shall be fined not more than $2,000 or imprisoned not more than five years, or both.

18 U.S.C. § 1708 (1982). Appellant argues that, as a matter of statutory construction, section 1708 does not permit the imposition of separate sentences for the simultaneous possession of more than one piece of stolen mail. The government concedes that the defendant should not have been charged in sixty-four separate counts for the offenses he committed, and that he should not have been subjected to separate sentences for each of the sixty-four instances of possession that were charged.[1] The government argues, however, that Dawson was properly subjected to eight separate sentences of up to five years imprisonment each for possessing the stolen travelers checks that he passed at eight different banks, and that the Pennsylvania and Florida district courts were therefore statutorily authorized to impose on Dawson the sentences that were imposed, amounting in total to eleven consecutive years of imprisonment, for the offenses the defendant committed.

This case is controlled by our decision in *Wilburn v. United States,* 326 F.2d 903, 904 (5th Cir.1964). In that case, the defendant was charged in a four count indictment with unlawfully possessing stolen mail in violation of 18 U.S.C. § 1708. Each count referred to a different letter. The jury found the defendant guilty of possessing two of the letters. Although both of the letters were mailed on the same day

---

1. This concession, which was implicit in the bulk of the government's argument in its brief, was made explicit by government counsel at oral argument.

and stolen together from a single mail depository, the defendant's possession of each of the two letters was proved differently. The conviction on one count was based on the testimony of an accomplice that the defendant approached him about passing some stolen checks and gave him a group of checks that included one taken from the letter described in that count of the indictment. The conviction on the other count was based on testimony identifying the defendant as the person who burned some papers in a trash can several days later. Among the partially consumed papers was the letter described in the second count on which the defendant was convicted. Under those circumstances, the defendant was found to have been properly convicted of two separate offenses and sentenced accordingly.

This case raises almost precisely the issue raised in *Wilburn.* In this case, the government proved the defendant's possession of the stolen mail by proving that he possessed eight separate sets of stolen checks on eight separate occasions at eight different locations. The proof of the defendant's possession of one of the eight sets of checks did not prove his possession of the others. Here, as in Wilburn, "[t]he only unity is that the letters were mailed on the same day in the same depository. The circumstances of how the theft occurred and how the appellant obtained possession are left to speculation." *Wilburn,* 326 F.2d at 904.[2] Thus the original sentencing court was clearly authorized to sentence Dawson to eight separate terms of imprisonment for the possession offenses that were proved at trial.[3]

2. In *Wilburn,* the acts of the defendant that were proved to show that he had possessed the separate items of stolen mail took place on different days. We do not consider that factual distinction between this case and *Wilburn* to be significant. Acts which would otherwise constitute several separate offenses are not rendered one punishable crime simply by virtue of having been committed on the same day.

Dawson also seeks to distinguish *Wilburn* by noting that in his case he testified that he received all of the stolen checks from his alleged girlfriend. Thus, according to Dawson, the circumstances of how he came into possession of the checks is not entirely a matter of speculation, as it apparently was in *Wilburn.* Dawson's story, however, was rejected by the jury. Thus a fragment of that story, taken out of context, can hardly be said to establish anything at all. Moreover, it was the manner in which the eight separate instances of possession were proved, and not the circumstances of how the defendant came into possession of the stolen mail, that was determinative in *Wilburn.* Thus Dawson's purported distinction of *Wilburn* must fail.

3. Dawson argues strenuously that his position finds support in *Williams v. United States,* 385 F.2d 46 (5th Cir.1967). In *Williams,* a petitioner sought relief under 28 U.S.C. § 2255 on the grounds that she had been improperly sentenced to multiple terms of imprisonment on ten counts of possession of stolen mail. The defendant had entered a plea of guilty on the allegedly multiplicitous counts before trial. Because there had been no trial, the appellate court was unable to apply *Wilburn* to the situation before it, as *Wilburn* involved essentially an analysis of the manner in which the possession offenses were proved at trial. Instead, the court

remanded the case for "a determination and clarification of the circumstances upon which the indictment was based." *Id.* at 47. This holding does not conflict with the court's decision in *Wilburn,* even if some of the language used by the *Williams* court does. Moreover, to the extent that the cases are in conflict, *Wilburn* must prevail. Where circuit authority is in conflict, "we ordinarily reject the precedent that is inconsistent with either Supreme Court cases or the weight of authority within the circuit." *United States v. Hobson,* 672 F.2d 825, 827 (11th Cir.1982). *See also United States v. Gort,* 737 F.2d 1560 (11th Cir.1984); *Manufacturing Research Corp. v. Graybar Electric Co.,* 679 F.2d 1355 (11th Cir.1982); *Gresham Park Community Organization v. Howell,* 652 F.2d 1227 (5th Cir. 1981). Where there is no Supreme Court authority on the issue and no clear weight of authority within the circuit, however, "we must resort to common sense and reason" to determine the appropriate rule of law. *United States v. Hobson,* 672 F.2d at 825. In this case, there is no Supreme Court authority that is on point, nor is there any clear weight of authority in the circuit. The court in *Williams* stated that "we believe that if defendant was charged with possession of various items of stolen mail which allegedly were in her possession as a result of one set of circumstances, then she can be convicted of only one offense." *Williams,* 385 F.2d at 47. This rule, Dawson argues, should be applied instead of *Wilburn.* Where a defendant possesses separate items of stolen mail at different times in different places, however, we see no logic in finding him to have committed only one offense simply because the items appear all to have come into his possession as a result of a single set of circumstances. We are therefore

Dawson was sentenced to concurrent and consecutive sentences that together amount to an aggregate term of imprisonment of eleven consecutive years on the sixty-four counts of the indictment, when he could have been sentenced legally to as many as forty consecutive years of imprisonment. We have held previously, however, that "[w]here separate sentences on two or more counts are impermissible, the error is not cured by the existence of concurrent sentences.... Rather, in most instances the proper remedy is to vacate the sentences and remand to the district court for resentencing [properly]." *United States v. Bradsby*, 628 F.2d 901, 905 (5th Cir.1980). In this case, Dawson should only have been sentenced to, at most, a single term of imprisonment for each of the eight separate occasions on which he was shown to have possessed the stolen traveler's checks illegally. The sixty-four counts of the indictment may be grouped and divided into sets of counts, each of which refer to checks passed at a single location, as follows:

1. Counts One through Seven and Thirty-six through Forty-two
2. Counts Eight through Fourteen
3. Counts Fifteen through Twenty-one
4. Counts Twenty-two through Twenty-eight
5. Counts Twenty-nine through Thirty-five
6. Counts Forty-three through Forty-nine
7. Counts Fifty through Fifty-six
8. Counts Fifty-seven through Sixty-two

Dawson should have been sentenced to, at most, a single term of imprisonment within the statutory limits for each group of counts referring to the same location. Only the sentences imposed on Counts Thirty-two through Sixty-four, however, may be corrected by the district court in which the Rule 35 motion now before this court was filed.[4] Counts Thirty-two through Thirty-five are counts for which no sentence in addition to that already imposed on Counts Twenty-nine through Thirty-one should have been assessed when the Florida district court sentenced Dawson. Similarly, Dawson should not have been sentenced by the Florida court on Counts Thirty-six through Forty-five, as those counts refer to checks possessed and passed together with those described in Counts One through Seven, on which Dawson had already been sentenced by the Pennsylvania district court. The district court remained free, however, to impose a single term of imprisonment of up to five years on Counts Forty-three through Forty-nine combined, another five year term on Counts Fifty through Fifty-six combined, and a third five year term on Counts Fifty-seven through Sixty-four combined. We need not at this time decide whether the district court may, on remand, resentence Dawson to terms of imprisonment that would require him to serve more than the ten consecutive years in prison that he was

---

not persuaded that any departure from *Wilburn* in *Williams* was sound, and we adhere to *Wilburn* in this case. Dawson also appears to rely on *United States v. Edmondson,* 659 F.2d 549 (5th Cir. Unit A 1981), in support of his position on this appeal. *Edmondson,* however, is not part of that body of Fifth Circuit precedent that has been adopted by this court, *Stein v. Reynolds Securities, Inc.,* 667 F.2d 33, 34 (11th Cir. 1982), and, to the extent it conflicts with *Wilburn,* we do not find it persuasive.

**4.** This is because a Rule 35 motion to correct an illegal sentence must ordinarily be presented to the sentencing court. *See Cook v. United States,* 171 F.2d 567, 569 (1st Cir.1948), *cert. denied,* 336 U.S. 926, 69 S.Ct. 647, 93 L.Ed. 1088 (1949). Dawson was sentenced on Counts One through Thirty-one of the indictment by the district court in which he was convicted in Pennsylvania. Because the imposition of sentence was suspended at that time on Counts Thirty-two through Sixty-four, the district court in Florida was able to sentence Dawson on those counts later, after transferring jurisdiction over Dawson's probation on those counts to the Middle District of Florida and finding him to have violated the terms of his probation. Only the sentences imposed by the district court in Florida may be corrected by that court. Any motion to correct the sentences imposed on Counts One through Thirty-two, if available, should be addressed to the district court in Pennsylvania that imposed the sentences.

ordered to serve when he was sentenced by the Florida court in August of 1984. We mean to indicate here only the manner in which the district court's sentences were illegal, leaving to that court the task of fashioning an appropriately corrected legal sentence.

## CONCLUSION

For the foregoing reasons, the decision of the district court is REVERSED, and the case is REMANDED to the district court for further proceedings not inconsistent with this opinion.