[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11315
Non-Argument Calendar

_____

D. C. Docket No. 05-00030-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY ALEXANDER MATTHEWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(September 29, 2006)**

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Gary Alexander Matthews appeals his sentence of 120 months imprisonment

for knowingly possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). For the reasons that follow, we affirm.

Matthews was charged by information with knowingly possessing a stolen firearm, in violation of 18 U.S.C. § 922(j).[1] He was also arrested by state authorities for revocation of parole in connection with the instant charges. He waived the indictment and entered a guilty plea, admitting that he had possessed a .25 semiautomatic pistol that he knew to be stolen and which had traveled in interstate commerce.

The probation officer prepared a PSI, assigning a base offense level of 20 under U.S.S.G. § 2K2.1, with a two-level increase under U.S.S.G. § 2K2.1(b)(4) because the weapon was stolen, a four-level increase under § 2K2.1(b)(5) because Matthews possessed the firearm in connection with possession with intent to distribute marijuana and cocaine, and a three-level decrease under U.S.S.G. § 3E1.1 for acceptance of responsibility. According to the PSI, when the car in which Matthews, Vindia Raiford, and Joseph Durden were riding was stopped during a drug investigation, police found drugs on Durden, as well as in the rear

---

[1] Matthews initially was charged with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). He proceeded to trial on the charges, but the district court declared a mistrial after the jury could not agree on a unanimous verdict. Thereafter, he was charged by superceding indictment with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g), possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841, and carrying a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). This indictment was dismissed as part of the plea agreement.

seat of the car and in the center console. Raiford told police that she knew Matthews to distribute drugs and that she had obtained drugs from him earlier that day.

Matthews's total offense level was 23. The probation officer determined that Matthews's criminal history category was VI based on prior convictions for possession of a firearm by a convicted felon, obstruction, possession of cocaine, and disorderly conduct. The PSI also noted several robbery charges that had not resulted in criminal history points because they had occurred at least twenty years earlier. The resulting guidelines range was 92 to 115 months imprisonment, and the statutory maximum sentence was 120 months imprisonment. The probation officer recommended that the court depart upward from the guidelines range under U.S.S.G. § 4A1.3 and impose a sentence of 120 months imprisonment in light of Matthews's lengthy criminal history.

Matthews filed the following numerous objections to the PSI, including, inter alia: (1) consideration of Raiford's statements violated the Sixth Amendment and Crawford v. Washington, 541 U.S. 36 (2004); and (2) the four-level enhancement under § 2K2.1(b)(5) violated United States v. Booker, 543 U.S. 220 (2005).

At sentencing, the court addressed the objections by stating that the

3

objections were "voluminous," and had no merit, and the court would not "dwell on them." The court warned counsel not to make "spurious" arguments or rehash the issues, or it would embarrass counsel, and indicated that it intended "to get this case over with." Defense counsel then challenged the enhancement for possession of the firearm in connection with possession of marijuana and cocaine, arguing that the testimony from the first trial did not support the enhancement. According to defense counsel, the police officer who testified at trial conceded that Raiford was unreliable and that she had placed the drugs in the center console without Matthews's knowledge and after Matthews had been removed from the car by police. Counsel also argued that the car did not belong to Matthews. The court rejected these arguments, finding that the fact that Matthews's clothes were in the trunk of the car belied his claim that the car was borrowed. The government argued that police also had found cocaine in Matthews's underwear. The court also noted that Matthews's Booker claims were meritless under Eleventh Circuit precedent. The court adopted the PSI calculations and found that an upward departure was warranted in light of Matthews's lengthy criminal history, including many convictions for which no points had been scored, that Matthews had fathered seven children out of wedlock with seven different women, and that he had listed only $695 worth of legitimate earnings in his Social Security records.

4

Accordingly, the court sentenced Matthews to 120 months imprisonment, to run consecutively to the term imposed on the revocation of parole in state court, and denied credit for time served. Matthews now appeals.

Matthews makes three inter-twined arguments:[2] (a) the sentence imposed was unreasonable because the court erred by enhancing his sentence under § 2K2.1(b)(5), as the firearm was not "in connection with" any controlled substance offense; (b) the court improperly considered remote convictions in departing upward; and (c) the court ignored the sentencing factors in 18 U.S.C. § 3553(a) and failed to consider all of the sentencing factors such as the nature of the offense, the fact that the prior trial ended in a mistrial, what would qualify as a just punishment, and the need to avoid sentencing disparities.

After Booker, the district court is still required to correctly calculate the guidelines range and we review a defendant's sentence for reasonableness.[3] United States v. Dowd, 451 F.3d 1244, 1256 (11th Cir. 2006); United States v. Lee, 427 F.3d 881, 892 (11th Cir. 2005), cert. denied, 126 S.Ct. 1447 (2006); United States

---

[2] Matthews also challenges the court's consideration of hearsay evidence. Although Matthews acknowledges that the court may consider hearsay testimony, he asserts that the hearsay must be reliable. There is no merit to the claim that the use of hearsay evidence violated the Sixth Amendment or Crawford, as the right does not apply in sentencing. United States v. Baker, 432 F.3d 1189, 1254 n.68 (11th Cir. 2005), cert. denied, 126 S.Ct. 1809 (2006).

[3] Under this standard, we review the ultimate sentence for reasonableness, and not the individual guidelines applications, which are subject to the same standards of review as pre-Booker. United States v. Winingear, 422 F.3d 1241, 1244-45 (11th Cir. 2005).

5

v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005); United States v. Crawford, 407F.3d 1174, 1179 (11th Cir. 2005). Matthews bears the burden of showing that his sentence was unreasonable. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, there is no Booker violation; the court may include extra-verdict enhancements as long as it applies the guidelines in an advisory fashion. United States v. Woodard, 2006 WL 2252700, *6 n.9 (No. 04-12056) (11th Cir. Aug. 8, 2006); United States v. Chau, 426 F.3d 1318, 1324 (11th Cir. 2005). Additionally, Booker permits courts to consider relevant conduct as long as the sentence imposed does not exceed the statutory maximum authorized by the verdict and the U.S. Code.[4] United States v. Poyato, 454 F.3d 1295, 1299 (11th Cir. 2006); United States v. Duncan, 400 F.3d 1297, 1303 (11th Cir. 2005).

Next, Matthews challenges both the enhancement under § 2K2.1(b)(5) and the upward departure under § 4A1.3. Post-Booker, we review the district court's application of the Guidelines under the same standards as pre-Booker: "The district court's interpretation of the sentencing guidelines is subject to de novo review on appeal, while its factual findings must be accepted unless clearly

---

[4] Furthermore, although Matthews's challenges this court's decision in United States v. Rodriguez, 398 F.3d 1291 (11th Cir. 12005), only the U.S. Supreme Court or this court sitting en banc may overrule a prior panel's decision. United States v. Gort, 737 F.2d 1560, 1564 n.2 (11th Cir. 1984).

erroneous." United States v. Jordi, 418 F.3d 1212 (11th Cir. 2005). As noted, the court must first correctly calculate the guidelines range, including any departures. United States v. Crawford, 407 F.3d 1174, 1178-1179 (11th Cir. 2005). We conclude that the court properly calculated the guidelines range.

Section 2K2.1(b)(5) indicates that the offense level is subject to a four-level enhancement if the defendant used or possessed the firearm in connection with another felony offense. (U.S.S.G. § 2K2.1(b)(5). The commentary does not define "in connection with," but this court has held that the phrase should be given its ordinary meaning and does not require that the firearm facilitate the offense. United States v. Rhind, 289 F.3d 690, 695 (11th Cir. 2002). Here, given the proximity of the firearm to the drugs, Matthews's control over the car, the fact that police found drugs in Matthews's underwear, and the fact that the other people in the car implicated Matthews as the owner of the drugs, the district court properly determined that the firearm was in connection with the controlled substances. As this court has noted, drug dealers often use firearms to protect their drugs. United States v. Morin, 33 F.3d 1351, 1353 (11th Cir. 1994).

To the extent that Matthews challenges the court's consideration of his prior convictions in applying an upward departure, he did not raise that issue before the district court; therefore, we review for plain error. United States v. Hall, 314 F.3d

7

565, 566 (11th Cir. 2002); see also United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). "Plain error occurs where (1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Hall, 314 F.3d at 566; Olano, 507 U.S. at 732.

Matthews cannot show plain error in the court's consideration of his remote convictions because there was reliable information that the criminal history category under-represented Matthews's criminal history. U.S.S.G. § 4A1.3(a)(1). In imposing an upward departure, the court may consider prior sentences not used in calculating the criminal history. U.S.S.G. § 4A1.3(a)(2)(A). Nevertheless, even if the court did not consider these remote convictions, Matthews's lengthy criminal history supports the district court's determination that the criminal history category under-represented his past conduct.[5] Thus, he cannot show that the court's decision amounted to plain error, and the court correctly calculated the guidelines range, including the departure.

Finally, post-Booker, after calculating the sentencing range, the court must

---

[5] Because Matthews's criminal history category was VI, the court was authorized to increase the guidelines range to account for the departure. United States v. Dixon, 71 F.3d 380, 383 (11th Cir. 1995).

consider the sentencing factors set out in § 3553(a),[6] but the court is not required to mention each of the factors.  United States v. Johnson, 451 F.3d 1239, 1244 (11th Cir. 2006); United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).  Here, a review of the record indicates that the court considered the nature and history of the defendant, the seriousness of the offense, the defendant's criminal history, and the need for punishment and deterrence.  The court also stated that it had considered Matthews's arguments.  Talley, 431 F.3d at 786.  The fact that Matthews's prior trial ended in a mistrial is not a relevant consideration under § 3553(a).  Thus, the court did not fail to consider the factors, and the sentence imposed was reasonable in light of Matthews's lengthy criminal history.[7]

Accordingly, we **AFFIRM.**

---

[6]  "[T]he nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities."  18 U.S.C. § 3553(a)(1)-(7).

[7]  The district court's commentary during sentencing appears to demonstrate that the court's attitude extended beyond mere impatience with Matthews and his counsel.  The court's statements that it would not "dwell" on Matthews's arguments are but one example.  Although we do not condone the court's commentary, neither can we conclude that the sentence imposed was unreasonable.