[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16067
Non-Argument Calendar
_____

D.C. Docket No. 1:06-tp-20061-DLG-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CESAR NICOLAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 24, 2012)

Before CARNES, WILSON and FAY, Circuit Judges.

PER CURIAM:

Cesar Nicolas appeals his 18-month sentence, imposed following the

revocation of his supervised release, pursuant to 18 U.S.C. § 3583(e)(3).  On

appeal, he argues that: (1) the district court had jurisdiction to consider the legality

of his original sentence of supervised release under a prior version of

Fed.R.Crim.P. 35(a) ("Former Rule 35(a)"); and (2) his sentence was unreasonable

because the district court failed to consider that his supervised release was illegal

or the 18 U.S.C. § 3553(a) sentencing factors.  For the reasons set forth below, we

affirm Nicolas's sentence.

I.

On September 4, 1987, Nicolas was indicted for escaping from a federal

prison in Texas.  He was apprehended many years later on July 20, 1999, and on

January 20, 2000, he was convicted in the U.S. District Court for Northern District

of Texas of escaping from federal prison in violation of 21 U.S.C. § 751(a).

Nicolas was sentenced to 18 months' imprisonment to be followed by 3 years of

supervised release.  His supervised release commenced on April 18, 2005.  In May

2005, the Northern District of Texas transferred jurisdiction over Nicolas's

supervised release to the U.S. District Court for the Southern District of Florida.

On January 18, 2008, the probation office filed a warrant petition for an

offender under supervision, alleging that Nicolas had violated the terms of his

supervised release by committing the Florida offense of armed trafficking in

2

heroin on January 4, 2008, and failing to notify his probation officer within 72 hours of being arrested or questioned by police.

At the initial revocation hearing, Nicolas admitted to the violations. Nicolas agreed that the applicable guideline range was 18 to 24 months' imprisonment and that he would be subject to a maximum term of 3 years of supervised release minus any term of imprisonment. However, Nicolas argued that the Texas district court that had sentenced him for escape lacked the authority to impose the term of supervised release that he had violated. The court recessed the revocation hearing to allow the parties to brief this issue.

Nicolas filed a sentencing memorandum, arguing that, the revocation court had the authority to correct his sentence, pursuant to Former Rule 35(a), which provided that "the court may correct an illegal sentence at any time." Accordingly, the court had jurisdiction over offenses committed prior to November 1, 1987, including his escape offense. As to his underlying criminal proceeding for escape, the sentencing court had lacked the authority to impose the term of supervised release for Nicolas's escape offense because he was indicted in September 1987, but the federal supervised release statute and corresponding guideline provision did not go into effect until November 1, 1987. Under the federal parole statute in effect at the time of Nicolas's offense, his term of supervised release exceeded the

3

statutory jurisdiction of the trial court and was a "nullity." Thus, the court should discharge him in the revocation proceeding.

The court denied Nicolas's challenge to the original sentencing court's jurisdiction to impose supervised release. It noted that Nicolas was sentenced to supervised release by the district court in Texas, and only sentences imposed by the district court in Florida could be corrected in that court. Accordingly, the court found that Nicolas must direct any request for relief regarding the legality of his original sentence of supervised release to the Northern District of Texas.

Nicolas then filed a motion for reconsideration, request for mitigation, and objection to the application of the Sentencing Reform Act of 1984. He argued that, under 18 U.S.C. § 3583(e), a district court in a revocation proceeding is obligated to determine whether any sentence imposed upon revocation is authorized by statute for the offense of conviction. Although a sentence may only be corrected by the court that imposed the sentence, a court in a revocation proceeding has the authority to ensure the legality of any new sentence. Nicolas also argued that the court should consider several mitigating factors in sentencing him, and argued that a two-year sentence, to be served concurrently with his state sentence, would serve the interests of justice.

The court held a final revocation hearing. The court denied Nicolas's

4

motion to reconsider as untimely, but noted that it would consider his requests for mitigation.  In recommending a consecutive 18-month sentence, the government asserted that Nicolas committed a "very serious offense," and his state sentence did not account for his violations of federal supervised release.

In response, Nicolas reasserted that, under § 3583(e)(3), the court must consider that his term of supervised release was unauthorized.  Because no supervised release was authorized, the court should terminate, instead of revoke, his supervised release.

As to mitigation, Nicolas asserted that he committed no criminal conduct for the 26 years between his escape from federal prison and his participation in the drug conspiracy.  Further, Nicolas only became involved in the drug conspiracy after the confidential informant, whom Nicolas met through his probation officer, persistently encouraged his participation.  The unusual circumstances of his case weighed strongly in favor of a concurrent sentence, including his cooperation in state court, his age and health problems, and his substantial state sentence. Further, his mother was very elderly, and after his imprisonment, his family had lost their home.  He argued that his state sentence was sufficient punishment, and the court should impose a sentence of no more than 18 to 24 months, to be served concurrent with his state sentence.

The court stated that it had "carefully considered the statements of all parties and the information contained in the violation report." The court revoked Nicolas's supervised release, finding that he had violated the terms and conditions of his supervised release. It further determined that a sentence within the guideline range was appropriate and imposed an 18-month sentence followed by 1 year of supervised release, to be served consecutive to Nicolas's Florida sentence.

## II.

We review a district court's revocation of supervised release for an abuse of discretion. *United States v. Mitsven*, 452 F.3d 1264, 1266 (11th Cir. 2006). Issues of law are reviewed *de novo. Id.* at 1265. Further, we review *de novo* whether the district court properly exercised jurisdiction over a claim. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315 (11th Cir. 2002).

Section 3583(e)(3) permits a district court to "revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release" upon a finding that the defendant violated a condition of supervised release. 18 U.S.C. § 3583(e)(3). A district court, under 18 U.S.C. § 3582(c), has jurisdiction to modify an imposed term of imprisonment only under specific circumstances. *Diaz-Clark*, 292 F.3d at 1315-16. For example, a federal prisoner in custody and seeking relief from his conviction or confinement may file,

6

pursuant to 28 U.S.C. § 2255, a motion to vacate or modify in the district court. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003).

A defendant serving a term of supervised release is "in custody" for purposes of Section 2255. *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997). Therefore, a defendant, facing re-incarceration upon the revocation of supervised release, may not sidestep Section 2255 and challenge the validity of his original sentence during the revocation proceedings. *United States v. Almand*, 992 F.2d 316, 317-18 (11th Cir. 1993); *see also United States v. White*, 416 F.3d 1313, 1316 (11th Cir. 2005) (holding that a prisoner may not challenge, "for the first time on appeal from the revocation of supervised release," his underlying sentence and instead must bring a Section 2255 motion to vacate). "A sentence is presumed valid until vacated under § 2255." *Almand*, 992 F.2d at 317.

Prior to the 1987 amendments to the Federal Rules of Criminal Procedure, Rule 35(a) stated that "the court may correct an illegal sentence at any time." *Diaz-Clark*, 292 F.3d at 1316. In *Dawson*, we reversed the denial of a Former Rule 35(a) motion, holding that a defendant could use Former Rule 35(a) to challenge the imposition of multiple sentences for the alleged commission of one crime. *United States v. Dawson*, 790 F.2d 1565, 1570 (11th Cir. 1986). "[A] Rule 35 motion to correct an illegal sentence must ordinarily be presented to the

7

sentencing court." *Id.* at 1569 n.4.  In *Dawson*, the district court in Pennsylvania, where the defendant was originally convicted on 64 counts of possessing stolen mail, suspended the imposition of his sentence on Counts 32 through 64.  *Id.* at 1566, 1569 n.4.  After jurisdiction over the case was transferred to the Middle District of Florida, the court in Florida was permitted to sentence the defendant on those counts.  *Id.* at 1569 n.4.  We concluded that "[o]nly the sentences imposed by the district court in Florida may be corrected by that court.  Any motion to correct the sentence imposed on Counts [1] through [32], if available, should be addressed to the district court in Pennsylvania that imposed the sentences."  *Id.*

Finally, the Supreme Court has held that "escape from federal custody as defined by § 751(a) is a continuing offense, and []an escapee can be held liable for failure to return to custody as well as for his initial departure." *United States v. Bailey*, 444 U.S. 394, 413, 100 S. Ct. 624, 636, 62 L. Ed. 2d 575 (1980).  Accordingly, we have held that the Federal Sentencing Guidelines applied to a defendant who escaped from federal custody before the Guidelines were issued, but was not apprehended until over three years after their effective date.  *United States v. Tapia*, 981 F.2d 1194, 1196 (11th Cir. 1993).

The district court did not err in concluding that it lacked jurisdiction to review the validity of Nicolas's sentence of supervised release imposed for his

8

2000 escape conviction in the Northern District of Texas.  Nicolas's sentence for escape is presumed valid until it is vacated pursuant to § 2255.  *See Almand*, 992 F.2d at 317.  Thus, his various challenges to the legality of his supervised release, the length of his sentence, and the Texas court's authority to impose the sentence were not properly raised in his revocation proceedings.  As such, our review is limited to the sentence imposed in the Southern District of Florida after the revocation of his supervised release.  *See White*, 416 F.3d at 1316.

However, Nicolas argues that, because his original conviction for escape occurred before November 1987, the district court had authority, pursuant to Former Rule 35(a), to correct or modify his sentence of supervised release during his revocation proceedings.  Former Rule 35(a), however, does not apply to Nicolas's escape conviction because, although he initially escaped in 1985 and was indicted in September 1987, his offense continued until he was apprehended in 1999.  *See Bailey*, 444 U.S. at 413, 100 S. Ct. at 636; *Tapia*, 981 F.2d at 1196.  Even if his offense ended on the date of his indictment, the district court correctly concluded that Nicolas must file any challenges to his sentence of supervised release in the Northern District of Texas, where that sentence was imposed.  *See Dawson*, 790 F.2d at 1569 n.4.  Accordingly, the district court did not err in finding that it lacked jurisdiction to review the validity of Nicolas's supervised

9

release.

## III.

We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007).  Under the abuse of discretion standard, the sentence will be affirmed unless we "find that the district court has made a clear error of judgment."  *United States v. Frazier*, 387 F.3d 1244, 1259 (11th Cir. 2004) (*en banc*).

In reviewing the reasonableness of a sentence, we conduct a two-step review, first ensuring that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the guideline range as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and "adequately explain[ed] the chosen sentence."  *Gall*, 552 U.S. at 51, 128 S.Ct. at 597.  When revoking a defendant's term of supervised release, § 3583(e) instructs courts to consider certain § 3553(a) sentencing factors in determining an appropriate sentence.  *See* 18 U.S.C. § 3583(e).  Specifically, sentencing courts must consider (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need to adequately deter criminal conduct, (3) the need "to protect the public from further crimes by

10

the defendant," (4) the need "to provide the defendant with educational or vocational training, medical care, or other correctional treatment," (5) the applicable sentencing range, (6) any pertinent policy statements of the Sentencing Commission, (7) the need to avoid unwarranted sentencing disparities, and (8) "the need to provide restitution to any victims." *See* 18 U.S.C. § 3583(e); 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

Furthermore, we have affirmed a sentence even though the district court failed "to explicitly articulate that it had considered the § 3553(a) factors." *United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). In *Dorman*, we stated that "by virtue of the court's consideration of [the defendant's] objections and his motion for a downward departure, the court did, in fact, consider a number of the sentencing factors," including the nature and circumstances of the offense, the need to adequately deter criminal conduct, the need to protect the public from further crimes committed by the defendant, the defendant's history, and the types of sentences available. *Id.*

Once we determine that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We ordinarily expect a sentence within the guideline range to be reasonable. *United*

11

*States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Nicolas has failed to demonstrate that his sentence was unreasonable. As to procedural reasonableness, the district court correctly calculated the applicable guideline range, which Nicolas agreed was 18 to 24 months' imprisonment. Nicolas also agreed that the court could impose a maximum term of three years' supervised release minus any term of imprisonment. Although the district court did not expressly state that it had considered the § 3553(a) factors, it did state that it had considered the parties' statements and the information contained in the violation report.

As to the nature and circumstances of the offense, the violation report indicated that Nicolas violated the terms of his supervised release by committing the Florida offense of armed trafficking in heroin and failing to notify his probation officer of his arrest within 72 hours. During the initial revocation hearing, the parties agreed to modify the violation report to reflect that Nicolas ultimately pled guilty to drug trafficking, money laundering, and conspiracy to commit drug trafficking. Further, Nicolas argued before the court that the circumstances of his supervised release violations warranted a lenient sentence, and he set forth the details of those circumstances. The sentencing court indicated that it would consider these mitigating factors.

12

In requesting a sentence within the guideline range, the government argued that Nicolas's drug and money laundering crimes were very serious violations of his supervised release, and his state sentence did not take into account that he committed those offenses while on federal supervised release.  It further argued that a sentence within the guideline range was necessary to deter Nicolas from further criminal conduct.  Although the court did not specifically reference the § 3553(a) factors, its statement that it had considered the parties' arguments shows that it considered the guideline range and the § 3553(a) factors and found that a guideline sentence was proper.  *See Dorman*, 488 F.3d at 944.

Nicolas's sentence was also substantively reasonable in light of the record and the § 3553(a) factors.  His 18-month sentence was within the guideline range, and we ordinarily expect such a sentence to be reasonable.  *Gonzalez*, 550 F.3d at 1324.  The sentence also met the goals encompassed within § 3553(a).  While serving a sentence of supervised release imposed for escaping from federal prison for many years, Nicolas pled guilty to money laundering and drug trafficking offenses in state court.  Nicolas has shown a disregard for the laws of the United States by not only committing the underlying crimes in this case, but also by violating his supervised release by committing serious state offenses.  Thus, a sentence within the guideline range was necessary to promote respect for the law,

13

provide just punishment, and deter Nicolas from future criminal activity.  Finally, Nicolas's argument that his sentence is substantively unreasonable because he is ineligible for supervised release is without merit.  As discussed above, his challenges to the validity of his original sentence of supervised release were not properly raised in the instant revocation proceedings.  In any event, the district court did not commit a clear error of judgment in weighing the sentencing factors. *See Frazier*, 387 F.3d at 1259.

For the foregoing reasons, we affirm Nicolas's sentence.

**AFFIRMED.**