UNITED STATES of America,
Plaintiff-Appellee,

v.

James Peter EDMONSON, Jr., and Edward Paul, Defendants-Appellants.

No. 81–2138
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.*
Unit A

Oct. 15, 1981.

---

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

Gilbert I. Low, Beaumont, Tex. (court-appointed), for Edmonson.

Hugh O'Fiel, Beaumont, Tex., for Paul.

John H. Hannah, Jr., U. S. Atty., Tyler, Tex., Ruth L. Harris, Asst. U. S. Atty., Beaumont, Tex., Kate S. Pressman, Washington, D. C., for plaintiff-appellee.

1. Rule 35. *Correction or Reduction of Sentence*

    (a) *Correction of Sentence.* The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence.

    (b) *Reduction of Sentence.* The court may reduce a sentence within 120 days after the

Before GEE, GARZA and TATE, Circuit Judges.

TATE, Circuit Judge:

The defendants Edmonson and Paul were convicted on eight counts of unlawful possession of stolen mail. 18 U.S.C. § 1708. They were sentenced to consecutive terms on each count. The prosecution arises out of the theft by the defendants of eight pieces of mail, each the subject of a separate count, from three mail boxes—i. e., six of the mail items were stolen from the same mail box at the same time.

The defendants contend, and the government now concedes, that the possession of the six pieces of mail stolen at the same time could properly have been the subject of only one count. Since various items of mail stolen at the same time were in the defendants' "possession as the result of one set of circumstances, that is, one theft [, the possession thus constitutes] "only one offense, and the defendant[s] could be convicted of only one offense." *United States v. Arce*, 633 F.2d 689, 696 (5th Cir. 1980), *cert. denied sub nom. Coronado v. U.S.*, 451 U.S. 972, 101 S.Ct. 2051, 68 L.Ed.2d 351 (1981). See also *Williams v. United States*, 385 F.2d 46 (5th Cir. 1967).

Accordingly, as the defendants correctly contend by their appeals, the district court was in error in denying their pre-trial motions to secure trial on one (instead of six) counts for the same offense, and in denying their motions under Fed.R.Crim.P. 35[1] to reduce the sentences imposed. See *Arce, supra.* By their Rule 35 motions, the defendants (who were sentenced to total terms exceeding fifteen years) sought the district court's reconsideration of the sen-

sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. * *

tences imposed and a reduction of their sentences of imprisonment to no more than a total of fifteen years (i. e., the maximum five year sentence permissible upon each of the three counts upon which validly convicted). They are entitled to this relief.

The defendants also complain of the trial court's denial of a motion to compel the government to disclose the names of its witnesses, particularly that of an eyewitness to the thefts. No contention is made that favorable *Brady* information was withheld; only that denial of such discovery (routinely granted in civil cases) impeded their ability to investigate pre-trial the witness's vantage point and her ability to see and to apprehend. However, except in capital cases (a congressionally created exception), "the granting of a defense request for a list of adverse witnesses is a matter of judicial discretion, and denial can be challenged only for abuse." *United States v. Hancock*, 441 F.2d 1285, 1286 (5th Cir.), *cert. denied*, 404 U.S. 833, 92 S.Ct. 81, 30 L.Ed.2d 63 (1971). See also *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 845–46, 51 L.Ed.2d 30 (1976).

No abuse of discretion is here shown: the accuracy of the eyewitness's observation could be (and was) adequately tested by cross-examination. We .find no merit to this contention.

Accordingly, the convictions are AFFIRMED, but the sentences imposed are VACATED and the matter is REMANDED with instructions that, upon re-sentencing, the district court impose no more than five years' imprisonment on each of three counts, i. e., no more than a maximum sentence of fifteen years imprisonment for each defendant. See *United States v. Bradsby*, 628 F.2d 901, 905–06. (5th Cir. 1980); *United States v. Hodges*, 628 F.2d 350, 352–53 (5th Cir. 1980).

CONVICTIONS AFFIRMED: SENTENCES VACATED, and CASE REMANDED WITH INSTRUCTIONS FOR RE–SENTENCING.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.