**Edward PAUL, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 83–2076.

United States Court of Appeals, Fifth Circuit.

June 25, 1984.

Edward Paul, pro se.

Anna Stool, Houston, Tex. (court-appointed), for petitioner-appellant.

Bob Wortham, U.S. Atty., Paul E. Naman, Asst. U.S. Atty., Beaumont, Tex., for respondent-appellee.

Before GOLDBERG, RUBIN and REAVLEY, Circuit Judges.

GOLDBERG, Circuit Judge:

Appellant Edward Paul was convicted on eight counts of unlawful possession of stolen mail, in violation of 18 U.S.C. § 1708. He was sentenced to a four year term on each of the eight counts, the sentences to run consecutively for a cumulative sentence of thirty-two years. Appellant's motion to modify sentence pursuant to Fed.R. Crim.P. 35 was denied by the district court, but an appeal to this Court resulted in the vacating of the eight sentences and a remand for resentencing. *United States v. Edmonson*, 659 F.2d 549 (5th Cir.1981) (Unit A). The sentences were vacated because six of the eight items of mail were stolen at the same time, and those six pieces could constitute the basis for only one offense. *Id.* at 550, *citing United States v. Arce*, 633 F.2d 689, 696 (5th Cir. 1980), *cert. denied sub nom., Coronado v. United States*, 451 U.S. 972, 101 S.Ct. 2051, 68 L.Ed.2d 351 (1981). In vacating the sentences, the *Edmonson* Court stated,

> [T]he convictions are AFFIRMED, but the sentences imposed are VACATED and the matter is REMANDED with instructions that upon resentencing the district court impose no more than five years imprisonment on each of the three counts, i.e., no more than a maximum sentence of fifteen years imprisonment for each defendant. *See United States v. Bradsby*, 628 F.2d 901, 905–06 (5th Cir.1980); *United States v. Hodges*, 628 F.2d 350, 352–53 (5th Cir.1980).

659 F.2d at 551. Upon remand, the district court entered a written order vacating the previous sentences and resentencing appellant to three consecutive five years terms, for a cumulative sentence of 15 years. Appellant then filed another Rule 35 motion to correct sentence, which was denied by the district court. This appeal follows.

In appealing the fifteen year prison term imposed by the district court, appellant initially argues that the *Edmonson* Court had no authority to vacate the sentences on all eight of the stolen mail possession counts. He argues that the four-year sentences originally imposed on two of the counts were lawful, that he never challenged those two counts,[1] and that the Court lacked the authority to vacate the sentences on those two counts. Appellant also contends that the fifteen year maximum term provided for in *Edmonson*—permitting a one year increase in sentence on the two unchallenged counts—violates the constitutionally established double jeopardy standard, citing *Llerna v. United States*, 508 F.2d 78, 81 (5th Cir.1975) and *Chandler v. United States*, 468 F.2d 834 (5th Cir.1972).

■ Because of our reluctance in a subsequent appeal to reconsider decisions made by another Circuit panel in the same case, we reach neither of these two issues. In a much quoted passage, *White v. Murtha*, 377 F.2d 428, 431–32 (5th Cir.1967), sets out the letter and policy of the "law of the case" doctrine:

> The "law of the case" rule is based on the salutary and sound public policy that litigation should come to an end. It is predicated on the premise that "there would be no end to a suit if every obstinate litigant could, by repeated appeals, compel a court to listen to criticisms on their opinions or speculate of chances from changes in its members," and that it would be impossible for an appellate court "to perform its duties satisfactorily and efficiently" and expeditiously "if a question, once considered and decided by it were to be litigated anew in the same

---

**1.** A reading of *Edmonson, supra*, 659 F.2d at 551, however, reveals that appellants therein complained that the trial court mistakenly denied a defense motion to compel the government to disclose the names of its witnesses. This ground for appeal apparently applied to *all eight counts*.

case upon any and every subsequent appeal" thereof.

While the "law of the case" doctrine is not an inexorable command, a decision of a legal issue or issues by an appellate court establishes the "law of the case" and must be followed in all subsequent proceedings in the same case in the trial or on a later appeal in the appellate court, unless (1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to such issues, or (3) the decision was clearly erroneous and would work a manifest injustice.

(footnotes omitted) (enumeration added). The doctrine applies in criminal as well as civil cases. *See, e.g., United States v. McClain,* 593 F.2d 658, 664 (5th Cir.1978), *cert. denied,* 444 U.S. 918, 100 S.Ct. 234, 62 L.Ed.2d 173 and *sub nom. Simpson v. United States,* 444 U.S. 918, 100 S.Ct. 234, 62 L.Ed.2d 173 and *Bradshaw v. United States,* 444 U.S. 918, 100 S.Ct. 234, 62 L.Ed.2d 173 (1979); *United States v. Dickinson,* 476 F.2d 373, 374 (5th Cir.), *cert. denied,* 414 U.S. 979, 94 S.Ct. 270, 38 L.Ed.2d 223 (1973).

The "authority to vacate" and "double jeopardy" arguments now advanced by appellant are in clear conflict with this Court's ruling in *Edmonson, supra.* In its instructions for remand, the Court vacated sentences on all eight counts and allowed resentencing up to five years per conviction on three of the counts. *See supra,* p. 1065. We note that the *Edmonson* Court did not explicitly consider whether it had jurisdiction to vacate appellant's sentences on the two "unchallenged" counts or whether resentencing on these two counts would violate the double jeopardy standard. Law of the case, however, "comprehends things decided by necessary implication as well as those decided explicitly." *EEOC v. International Longshoremen's Ass'n,* 623 F.2d 1054, 1058 (5th Cir. 1980), *cert. denied,* 451 U.S. 917, 101 S.Ct. 1997, 68 L.Ed.2d 310 (1981), quoting *Carpa, Inc. v. Ward Foods, Inc.,* 567 F.2d 1316, 1320 (5th Cir.1978), overruled on oth-

er grounds, *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542 (5th Cir.1983); *see also* J. Moore, J. Lucas, T. Currier, 1B Moore's Federal Practice ¶ 0.404[1] n. 15 (1983) ("a party on the first appeal may not omit argument on a point of law necessarily involved in the disposition of an appeal and present it on a second appeal").

Moreover, none of the three exceptions to application of law of the case articulated in *White v. Murtha, supra,* exist in this case. There is no new evidence, and appellant cites no "substantially different, controlling authority" decided since *Edmonson.* We find further that the decision in *Edmonson* works no manifest injustice. First, the remand instruction given in *Edmonson* actually parallels the relief requested in appellant's first Rule 35 motion before the district court. In that motion the appellant requested that the district court, "... reconsider the previous sentence imposed upon him and grant this Defendant a period of confinement not to exceed fifteen (15) years." Record, Vol. I at 161–62. Also, after the Circuit Court vacated appellant's sentences and instructed the district court to impose no more than a fifteen year cumulative sentence, appellant did not seek rehearing or petition for certiorari. Most importantly, though, we are vacating appellant's sentence on other grounds. *See infra.* Thus, although the "authority to vacate" and "double jeopardy" arguments are closed to appellant, he will have the opportunity to argue to the district court any alternative reasons why he should receive a lesser sentence than the fifteen year maximum. We perceive no justification for deviating from the law of this case.

The district court's action in sentencing appellant to three consecutive five year terms was clearly consistent with the mandate in *Edmonson.* Nonetheless, appellant is entitled to resentencing; he was not given the opportunity to be present when the court imposed the new sentences. Presence at sentencing affords a defendant the opportunity "for presentation to the

Court of facts in extenuation of the offense, or in explanation of the defendant's conduct ... and, in short, to appeal to the equity of the Court in its administration and enforcement of penal laws." *Martin v. United States*, 182 F.2d 225, 227 (5th Cir.1950). Both the Federal Rules of Criminal Procedure, *see* Fed.R.Crim.P. 35 and 42, and the Constitution, *see United States v. Huff*, 512 F.2d 66, 71 (5th Cir.1975), guarantee the right of the defendant to be present at his sentencing. The right extends to resentencing as well.[2] *Johnson v. United States*, 619 F.2d 366, 369 (5th Cir. 1980). Because appellant was not afforded the opportunity to be present at his resentencing, we vacate the sentences imposed below and remand for resentencing in accordance with this opinion.[3]

VACATED and REMANDED.

**2.** The government does not contest that a remand for resentencing, based on the appellant's right to be present at sentencing, is proper.

**3.** Appellant also urges that in increasing the term by one year on three of the counts the district court ignored procedures designed to protect against judicial vindictiveness. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Because we vacate on other grounds, we do not decide the "vindictiveness" issue. However, because the issue could again be relevant on appellant's resentencing, we feel that a brief comment on the "vindictiveness" issue would serve the interests of judicial efficiency.

*North Carolina v. Pearce, supra,* provides that when a trial court imposes a harsher sentence upon a defendant after that defendant takes a successful appeal, the court should set out on the record its reasons for raising the sentence.

Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be part of the record, so that the constitutional legitima-cy of the increased sentence may be fully reviewed on appeal.
*395 U.S. at 725–26, 89 S.Ct. at 2080–2081.*

In the instant case, while appellant received a more severe sentence on three counts, resentencing actually reduced his cumulative sentence from thirty-two years to fifteen years. Thus, there was no potential for deterring exercise of the right to appeal. The passage from *Pearce* quoted above, however, makes it clear that the procedure called for is aimed at preventing *actual* vindictiveness as well as ending deterrence of appeals. In *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978), the Supreme Court held that the due process violation really centers on actual vindictiveness.

The Court has emphasized that the due process violation in cases such as *Pearce* and *Perry* lay not in the possibility that a defendant might be deterred from the exercise of a legal right, but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction.

To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort.... (citations omitted).

The potential for some degree of actual vindictiveness plainly exists in this case. Even though *Edmonson* permits that appellant's overall sentence may only be reduced, the sentences on the remaining valid counts may be increased to five years; the protections called for in *Pearce* can serve a very real purpose. As is implicit in *Edmonson,* the constitutional guaranty against vindictiveness does not *prohibit* upping appellant's sentences on the three valid convictions. *See also, United States v. Hodges,* 628 F.2d 350, 353 (5th Cir.1980). Nevertheless, in keeping with *Pearce* we would strongly urge that, should the district court decide to increase appellant's sentence on any count above the original four-year term, it should set out in the record its reasons for so doing.