UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40302
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

                        versus

SANTIAGO CASIANO, JR.,

                                          Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(B-94-CV-74)
_____

February 14, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

        The district court dismissed this third petition for
§ 2255 habeas relief on grounds that appellant Casiano had abused
the writ under Rule 9(b) of the Rules Governing § 2255 Proceedings.
In this petition, Casiano again contends that the district court
erred in sentencing him, in a pre-sentencing guidelines offense, to
possessing with intent to distribute over 500 grams of cocaine.  He
asserts, as he did in his first federal habeas petition, that the

        [*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

true amount of the cocaine as reflected in DEA lab reports was less than 500 grams, an amount that would have entitled him to a lesser sentence.  Having reviewed the record, we agree with the district court, adopting the magistrate judge's report, that Casiano did not satisfy the stringent test for filing a successive habeas petition. McCleskey v. Zant, 499 U.S. 467, 111 S.Ct. 1454 (1991).  We also reject Casiano's contention that he was entitled under Fed. R. Crim. P. 35(a) to relief from an "illegal sentence" based on the alleged erroneous amount of cocaine included in the violation.

The abuse of writ finding is easily sustained.  Casiano previously raised the factual underpinning of this argument in his first federal habeas petition, and his argument was rejected by this court in an opinion dated July 20, 1990.  That he now characterizes the government's error in identifying the correct amount of cocaine as a Brady offense, rather than as a variance or error in the factual basis for his guilty plea, is of no moment. The contention is successive.  Casiano may pursue it only if he has established "cause" for not raising the issue earlier and actual prejudice.  Saahir v. Collins, 956 F.2d 115, 119 (5th Cir. 1992). He has not demonstrated "cause" because, as the magistrate judge noted, Casiano's previous habeas petition specifically referred to the DEA lab report, and this court rejected his specific contention.  We also agree with the magistrate judge's conclusion, adopted by the district court, that failure to reconsider Casiano's claim would not constitute a "miscarriage of justice."  Sawyer v. Whitley, ___ U.S. ___, 112 S.Ct. 2514, 2518 (1992).  This very narrow exception allows abusive claims to be heard if the

petitioner establishes that under the probative evidence he has a colorable claim of actual innocence. Id. at 2519. No such claim has been made here.

The magistrate judge did not specifically rule on Casiano's contention as a Rule 35 motion seeking relief from an "illegal sentence" imposed before the Sentencing Guidelines took effect. Nevertheless, that contention does not succeed. Our task under Rule 35(a) is to determine de novo whether the sentence imposed was illegal, and if so, whether its imposition was an abuse of discretion. United States v. Kirkland, 853 F.2d 1243, 1246 (5th Cir. 1988). This test is less stringent than that of constitutional error in a habeas proceeding, but the error must still render the sentence illegal. United States v. Stumpf, 900 F.2d 842, 845 n.2 (5th Cir. 1990). An illegal sentence includes a sentence that is "in excess of the permissible statutory penalty for the crime." United States v. Fowler, 794 F.2d 1446, 1449 (9th Cir. 1986) (citations omitted), cert. denied, 107 S.Ct. 1309 (1987).

To the extent Casiano makes his Rule 35 contention based on an error in the interpretation of the government's lab report on the weight of the cocaine, he cannot in fact demonstrate that his sentence was illegal. First, he specifically admitted to the district court his guilt in possessing approximately 560 grams of gross weight of cocaine. The district court was entitled to rely on this admission of criminal liability in assessing punishment. Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991). Second, at no time during sentencing did Casiano object to the PSR's

calculation of a gross quantity of 560.5 grams of cocaine, "which laboratory tested to approximately 440 grams of 91% pure heroin." PSR at 3. In any event, under the law of the case doctrine, this factual issue has already been resolved against Casiano in his previous appeal, where this court upheld the finding that he possessed 560.5 grams of a mixture containing a detectable amount of cocaine. The law of the case doctrine precludes the reexamination of issues decided, either expressly or by necessary implication, in a previous appeal. Chevron USA, Inc. v. Traillour Oil Company, 987 F.2d 1138, 1150 (5th Cir. 1993). The doctrine applies unless, inter alia, the prior decision was clearly erroneous and application of the doctrine would work a manifest injustice. Paul v. United States, 734 F.2d 1064, 1066 (5th Cir. 1984). Under the circumstances of this guilty plea proceeding, we find no manifest injustice.

For these reasons, the judgment of the district court is AFFIRMED.