**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 95-50478**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**CHARLES O. KALLESTAD,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(A-91-CR-175)**
_____

**May 23, 1996**

Before POLITZ, Chief Judge, JONES and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Charles O. Kallestad challenges his pornography sentence, contending, *inter alia*, that the district court violated the law of the case doctrine by imposing the same sentence on remand after our court vacated Kallestad's prior sentence. We **AFFIRM**.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

I.

In August 1993, following his conviction for possession of sexually explicit photographs and videotapes involving minors, in violation of 18 U.S.C. § 2252(a)(4)(B), Kallestad was sentenced to six concurrent 60-month terms of imprisonment. (In a separate trial, Kallestad was convicted for conspiracy and bank fraud. The district court imposed concurrent prison terms for the pornography and bank fraud offenses.)

Our court affirmed Kallestad's convictions, but vacated his sentence and remanded for resentencing. *United States v. Kallestad*, No. 93-8566 (5th Cir. Mar. 28, 1995) (unpublished). On remand, the district court imposed the same sentence.

II.

At issue are whether the district court (1) violated both the law of the case doctrine and the *ex post facto* clause, and (2) mistakenly believed that it lacked authority to depart downward from the Sentencing Guidelines range.

A.

1.

Kallestad maintains that our court's prior opinion precluded the district court from imposing the same sentence on remand. Under the law of the case doctrine,

> a decision of a legal issue or issues by an
> appellate court establishes the "law of the
> case" and must be followed in all subsequent
> proceedings in the same case in the trial or

> on a later appeal in the appellate court, unless (1) the evidence on a subsequent trial was substantially different, (2) controlling authority has since made a contrary decision of the law applicable to such issues, or (3) the decision was clearly erroneous and would work a manifest injustice.

*Paul v. United States*, 734 F.2d 1064, 1066 (5th Cir. 1984) (citation omitted).

For the prior appeal, our court stated that the district court should have applied the Guidelines in effect at the time of sentencing, and that Kallestad should have been sentenced under U.S.S.G. § 2G2.4. That section specifies a base offense level of 13. U.S.S.G. § 2G2.4(a) (1992). A cross-reference provides, however, that another section, § 2G2.1, should be applied "[i]f the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct". U.S.S.G. § 2G2.4(c)(1) (1992).

On remand, the district court sentenced Kallestad under § 2G2.4 of the 1992 Guidelines. (The 1994 Guidelines were in effect when Kallestad was resentenced in June 1995. We need not consider whether they should have been applied on remand, because the 1994 and 1992 versions of §§ 2G2.1 and 2G2.4 are identical.)

Finding that Kallestad had engaged in the conduct described in § 2G2.4(c)(1), the court applied § 2G2.1, which provides for a base offense level of 25. U.S.S.G. § 2G2.1(a). And, finding further

- 3 -

that the offenses involved minors under the age of 16 years, the court increased the offense level by two levels, pursuant to § 2G2.1(b)(1).

Kallestad does not challenge the district court's finding that his offenses involved the conduct described in the cross-reference. Instead, he maintains that his base offense level should have been 13, rather than 25, pursuant to his claim that our court's prior opinion precludes application of the § 2G2.4(c)(1) cross-reference and, therefore, precludes application of § 2G2.1. But, although the prior opinion states that "a base offense level of 13 should have been used in the first place", it states also that Kallestad's sentence should have been calculated under § 2G2.4. Moreover, the opinion does not address the applicability of the cross-reference, § 2G2.4(c)(1). Accordingly, it did not preclude application of that cross-reference on remand.

## 2.

We reject the contention that application of the cross-reference also violates the *ex post facto* clause. The guideline that would have been applicable to Kallestad's offenses under the 1990 Guidelines, which were in effect when the offenses were committed (February through October 1991), contains an identical provision. *See* U.S.S.G. § 2G2.2(c) (1990).

## B.

Finally, Kallestad asserts that the district court mistakenly

believed that it had no authority to depart downward based on Kallestad's age, medical condition, and victimization by other inmates.  The record reflects, instead, that the court was aware that it had the authority to depart downward, but that it did not believe such a departure was warranted.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED*.