696 So.2d 444 (1997)
Curtis PEPPERS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1575.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
*445 Richard L. Jorandby, Public Defender, and Susan D. Cline, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Elaine L. Thompson, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, Judge.
After being charged with DUI manslaughter, appellant pled guilty and was sentenced to two years incarceration followed by five years probation. When he was released, appellant was permitted to move to Ohio, which assumed the duties of visitation and supervision of his probation pursuant to the Interstate Parole and Probation Compact. § 949.07(2), Fla.Stat. (1992). While in Ohio appellant was charged with DUI, which resulted in this revocation of probation in Florida.
Appellant argues that Ohio's incarcerating him for five days after his arrest and requiring him to complete a 5 month outpatient rehabilitation program in Ohio bars the revocation of his probation in Florida under double jeopardy. Jeopardy, however, can only attach when a court acts in a manner within its jurisdiction and authority. Vinson v. State, 345 So.2d 711 (Fla. 1977). The Compact does not give a receiving state, such as Ohio, the authority to revoke probation imposed by a sending state. How the Compact functions was explained in Kolovrat v. State, 574 So.2d 294, 296 (Fla. 5th DCA 1991), as follows:
Under the Interstate Parole and Probation Compact, Kansas, as the receiving state, assumed the duties of visitation and supervision over defendant. See § 949.07(2), Fla. State. (1989). Florida Administrative Code Rule 23-4.001 provides an effective, businesslike method for permitting persons under supervision to leave one state and take up residence in another state with assurance that they will be supervised in the receiving state and can be returned to the sending state in case of sufficient violation. One of the functions of the receiving state is to properly report all violators to the original sending state, with appropriate recommendations. Fla.Admin.Code Rule 23-4.003(5).
*446 Because Ohio had no jurisdiction under section 949.07 to revoke appellant's probation, whatever action was taken in Ohio could not have put appellant in jeopardy in regard to Florida revoking his probation.
Appellant also argues that the trial court erred in failing to enter a written order revoking his probation, and the State concedes error. We therefore affirm the revocation but remand for entry of a written order of revocation. Mendoza Madoses v. State, 511 So.2d 1132 (Fla. 4th DCA 1987).
POLEN and PARIENTE, JJ., concur.