COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and McClanahan
Argued at Charlottesville, Virginia


STEVEN LAMONT JOEL SCOTT

                                                         OPINION BY
v.        Record No. 1557-07-2         JUDGE ELIZABETH A. McCLANAHAN
                                                         MAY 12, 2009
COMMONWEALTH OF VIRGINIA


                   FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                              James E. Kulp, Judge Designate

              Francis McQ. Lawrence (St. John, Bowling & Lawrence, LLP, on
              brief), for appellant.

              Josephine F. Whalen, Assistant Attorney General II (Robert F.
              McDonnell, Attorney General, on brief), for appellee.


        Steven Lamont Joel Scott appeals from the Virginia trial court's judgment finding him in

violation of the terms and conditions of his probation.  He argues his probation violation was

previously and finally adjudicated in Ohio and the trial court erred in failing to give full faith and

credit to the Ohio judgment.  Because the Ohio court did not have jurisdiction to adjudicate the

merits of whether Scott violated the terms and conditions of his Virginia probation and impose a

sentence for that violation, we affirm the trial court's judgment.

                                   I.  BACKGROUND

        Scott was convicted in a Virginia trial court of three counts of credit card theft, possession of

burglarious tools, possession of cocaine, and petit larceny, third or subsequent offense.  He was

sentenced to a total of fifty-five years of imprisonment with fifty years suspended, conditioned on

good behavior and one year supervised probation.  Subsequently, Scott applied for and was granted

supervision as a probationer by the State of Ohio pursuant to the Interstate Compact for the

Supervision of Probation/Parolees.[1]  After his transfer to Ohio, Scott was convicted in the Court of Common Pleas for the County of Cuyahoga, Ohio, of possession of criminal tools, three counts of receiving stolen property, six counts of theft, and three counts of forgery, for which he was sentenced to an active term of five and one-half years.[2]  The Ohio trial court also found him in violation of his Virginia probation and sentenced him to six months, to be served concurrently with his other sentence.  Scott appealed his Ohio convictions to the Court of Appeals of Ohio.  Although he included an assignment of error related to the Ohio trial court's finding that he was a "probation violator," he did not argue that assignment and the Ohio appellate court declined to address it.  The Ohio appellate court did find error in the Ohio trial court's sentencing procedure and reduced Scott's sentence, which he served.

Subsequent to Scott's convictions in Ohio, his Virginia probation officer informed the Virginia trial court of his Ohio convictions.  A detainer was issued for Scott, and he was extradited to Virginia for a probation revocation proceeding.  He moved to dismiss the proceeding arguing the matter had been finally adjudicated by the Ohio trial court.  The trial court denied Scott's motion to dismiss finding Ohio lacked jurisdiction to adjudicate Scott's violation of his Virginia probation. The trial court revoked Scott's probation and re-suspended all but two years of his sentence, giving him credit for the time served while awaiting extradition from Ohio to Virginia.  Scott has now served his probation revocation sentence.

---

[1] The Interstate Compact for the Supervision of Probation/Parolees has been superseded by the Interstate Compact for the Supervision of Adult Offenders.  Both Virginia and Ohio are member states.  See Virginia Code § 53.1-176.1; Ohio Code § 5149.21.

[2] Eleven of the counts were felonies.

II.  ANALYSIS

Scott contends he had "already been found guilty of, and sentenced for, his probation violation in the state of Ohio and thus the prosecution [in Virginia] was barred both under Virginia Code Section 53.1-172 and Article IV, Section 1 of the United States Constitution."

A.  Full Faith and Credit Clause

Article IV of the Constitution states, "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."  U.S. Const. art. IV, § 1; see also Virginia Code § 8.01-389(B) (requiring every court in the Commonwealth to give the "records of courts not of this Commonwealth the full faith and credit given to them in the courts of the jurisdiction from whence they come").  The Full Faith and Credit Clause, therefore, requires that "[a] judgment entered in one State must be respected in another provided that the first State had jurisdiction over the parties and the subject matter."  Nevada v. Hall, 440 U.S. 410, 421 (1979).  "Thus, a litigant is barred from relitigating in Virginia issues that were properly before and decided by a sister state's court, even when the issues concern jurisdictional matters."  Bloodworth v. Ellis, 221 Va. 18, 21, 267 S.E.2d 96, 98 (1980).

"As a general rule, a court, when asked to give effect to the judgment of a court in another state, may inquire into that court's jurisdiction without offending the Full Faith and Credit Clause."  Id.  Only if "the second court's inquiry 'discloses that those [jurisdictional] questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment,'" is the second court "precluded from re-examining the jurisdiction of the court rendering the original judgment."  Id. (quoting Durfee v. Duke, 375 U.S. 106, 111 (1963)).

The record establishes the question of the Ohio trial court's jurisdiction to adjudicate Scott's Virginia probation violation was not "fully and fairly litigated" in Ohio.  The transcript of the proceedings before the Ohio trial court confirms that court did not address the jurisdiction question.

- 3 -

On appeal in Ohio, Scott did not assign error to the court's exercise of jurisdiction over his Virginia probation. Although he assigned error to the Ohio trial court's finding that Scott violated his Virginia probation, because he failed to brief or argue that error, the Ohio appellate court declined to address the probation violation on procedural default grounds. The jurisdiction issue was not fully and fairly litigated and we, therefore, examine the jurisdiction of the Ohio trial court to adjudicate Scott's Virginia probation violation.

### B. The Interstate Compact for Supervision of Adult Offenders

Scott contends the Ohio trial court had jurisdiction to adjudicate his Virginia probation violation and revoke his Virginia probation by virtue of Virginia's enactment of the Interstate Compact for Supervision of Adult Offenders ("the Compact").

The Compact is a formal agreement between the compacting states that seeks to promote public safety by controlling interstate movement of adult offenders who are subject to supervision imposed as the result of a criminal offense. See Interstate Compact for Adult Offender Supervision, Article I; Virginia Code § 53.1-176.2, Article I; Ohio Code § 5149.21, Article I. The Interstate Commission for Supervision of Adult Offenders ("the Commission" or "ICAOS") was established by the Compact and has promulgated rules governing the transfer of supervision from a sending state to a receiving state[3] as well as the return to or retaking[4] by a sending state. See 2008 ICAOS Rules. The ICAOS Rules are binding in the compacting states and thus have the force and effect of

---

[3] "Sending state" is defined as "a state requesting the transfer of an offender, or which transfers supervision of an offender, under the terms of the Compact and its rules." "Receiving state" is defined as "a state to which an offender requests transfer of supervision or is transferred." ICAOS Rule 1.101.

[4] "'Retaking' means the act of a sending state in physically removing an offender, or causing to have an offender removed, from a resending state." ICAOS Rule 1.101.

law in Virginia and Ohio.  Virginia Code § 53.1-176.2, Articles V and VIII; Ohio Code § 5149.21, Articles V and VIII.[5]

If an offender is transferred pursuant to the Compact, the receiving state is required to supervise the offender "in a manner determined by the receiving state and consistent with the supervision of other similar offenders sentenced in the receiving state."  ICAOS Rule 4.101.  The duration of supervision is for the length of time determined by the sending state, ICAOS Rule 4.102, and upon request, the offender may return to the sending state in accordance with the sending state's instructions, ICAOS Rule 4.111.  In the event of a significant violation of the conditions of supervision, the receiving state must notify the sending state of the violation, ICAOS Rule 4.109(a), and the sending state must then respond to the receiving state by informing it of the action the sending state intends to take.  ICAOS Rule 4.109(c)(2).

If the offender is convicted of a new felony offense in the receiving state, the sending state *must* retake or order the return of the offender upon request by the receiving state and completion of incarceration or placement under supervision for that felony offense.  ICAOS Rule 5.102.  The sending state also *must* retake or order the return of the offender if the offender commits three or more significant violations of supervision arising from separate incidents and establishing a pattern of non-compliance.  ICAOS Rule 5.103.[6]

Although "[a]n offender subject to retaking for violation of conditions of supervision that may result in a revocation shall be afforded the opportunity for a probable cause hearing" in the

---

[5] To assist state officials in implementing the Compact and its rules, the Commission has published ICAOS advisory opinions and the ICAOS Bench Book for Judges and Court Personnel.

[6] The sending state *may* retake or order the return of an offender, at its sole discretion, unless the offender has been charged with an offense in the receiving state, in which case the offender cannot be retaken without the consent of the receiving state until the charges have been dismissed, the sentence satisfied, or the offender has been released to supervision.  ICAOS Rule 5.101.

receiving state, ICAOS Rule 5.108(a), if an offender is convicted of a new felony offense in the receiving state, "an offender may be retaken by a sending state without the need for further proceedings," ICAOS Rule 5.108(c); see also ICAOS Bench Book, § 4.4.2.3. After probable cause is determined, the receiving state shall hold the offender in custody and the sending state must "notify the receiving state of the decision to retake or other action to be taken." ICAOS Rule 5.108(f).

The Commission has noted the Compact "does not impact the judicial sentencing of an offender, only how the offender is supervised over state lines." ICAOS Bench Book, § 2.12.2. The transfer of an offender's supervision under the Compact "does not deprive the sending state of jurisdiction over the offender, unless it is clear from the record that the sending state intended to relinquish jurisdiction." ICAOS Bench Book, § 3.3.5. Although the receiving state must find a probation violation is likely to result in revocation for purposes of determining whether the offender is entitled to a probable cause hearing, "only the state granting conditional release has jurisdiction to make a final determination on revocation." ICAOS Bench Book, § 4.4.2.3. Thus, while the receiving state may initiate criminal proceedings against offenders who commit crimes while in that state, ICAOS Rule 5.101, the Compact "does not give a receiving state the authority to revoke the probation or parole imposed by authorities in a sending state." ICAOS Bench Book, § 3.3.5; see also Peppers v. State, 696 So.2d 444 (Fla. Dist. Ct. App. 4th Dist. 1997).

Accordingly, under the Compact, Ohio was required to supervise Scott and notify Virginia of any significant violations of the conditions of Scott's supervision. ICAOS Rules 4.101 and 4.109(a). Because Scott was convicted of new felony offenses in Ohio, Virginia was required to retake or order the return of Scott upon request by Ohio and completion of the incarceration for his Ohio felony offenses. ICAOS Rule 5.102. Although an offender subject to retaking for violations of supervision is generally entitled to a preliminary hearing to determine whether there is probable

- 6 -

cause the offender violated the terms of supervision, because Scott was convicted of new felony offenses in Ohio, he was not entitled to a probable cause hearing in Ohio. ICAOS Rule 5.108(c). And while Ohio was entitled to initiate the criminal proceedings against Scott for the crimes he committed in that state and Scott was required to complete his incarceration for those offenses, Ohio did not have the authority under the Compact to revoke the probation imposed on him by Virginia. ICAOS Bench Book, § 3.3.5; see also Peppers, 696 So.2d 444.

### C. Virginia Code

The Virginia statutory provisions enacted pursuant to the Compact also did not grant Ohio authority to revoke Scott's Virginia probation.

Similar to the ICAOS Rules, Virginia expressly authorizes a preliminary hearing to determine probable cause for probation violations by offenders whose supervision is transferred under the Compact. Virginia Code § 53.1-168 provides that when an out-of-state offender is being supervised in Virginia and is charged with violation of the terms or conditions of probation, "a preliminary hearing at or near the site of the alleged violation may be held in accordance with this article. The purpose of such hearing shall be to determine whether there is probable cause to believe that the parolee or probationer has committed a violation of a condition of . . . probation."[7] Likewise, when an offender being supervised in another state pursuant to the Compact commits a probation violation, that state "is authorized to hold a hearing on the alleged violation, which hearing shall be substantially similar to the hearing required by this article." Virginia Code § 53.1-172. Upon receipt of the record of a preliminary hearing, "such record shall be conclusive and shall not be reviewable within or by this Commonwealth." Id. Although Scott argues the Ohio trial court had jurisdiction to adjudicate his Virginia probation violation under Virginia Code

---

[7] Virginia Code §§ 53.1-169 through 53.1-171 set forth who may hold the probable cause hearing, provide for certain rights of the offender at the hearing, and require a record of the hearing.

§ 53.1-172 and its decision was "conclusive," that section clearly refers to the probable cause

hearing described in Virginia Code § 53.1-168 and is entirely consistent with the Commission rules

affording offenders a probable cause hearing for probation violations that may result in revocation,

ICAOS Rule 5.108.[8]  But Virginia Code § 53.1-172 does not transfer to another state the

jurisdiction to adjudicate the merits of a Virginia probation violation and revoke the Virginia

probation.[9]

## D.  Conclusion

In sum, neither the Compact, Virginia Code § 53.1-172, nor Ohio Code § 2929.141 granted

the Ohio trial court jurisdiction to adjudicate the merits of Scott's violation of his Virginia probation

and revoke his Virginia probation.  Under the procedure provided for by Commission rules and

Virginia Code § 53.1-172, the Ohio court was only authorized to determine whether probable cause

---

[8] In fact, Virginia Code § 53.1-174, authorizing a "preliminary hearing[] to determine probable cause" for probation violations for offenders present in other states *not* pursuant to the Compact, states that "[s]uch preliminary hearing shall be substantially similar to the hearing provided for in §§ 53.1-168 through 53.1-172," thus further indicating the hearing referred to in Virginia Code § 53.1-172 is the same hearing described in Virginia Code § 53.1-168.

[9] Scott also misplaces his reliance on Ohio Code § 2929.141.  According to that statute (under the language in effect at the time of Scott's convictions in Ohio):

> A person on release who by committing a felony violates any condition of parole, any post-release control sanction, or any conditions described in division (A) of section 2967.131 [2967.13.1] of the Revised Code that are imposed upon the person may be prosecuted for the new felony.  Upon the person's conviction of or plea of guilty to the new felony, the court shall impose sentence for the new felony, the court may terminate the term of post-release control if the person is a releasee and the court may do either or both of the following for a person who is either a releasee or parolee regardless of whether the sentencing court or *another court of this state imposed the original prison term for which the person is on parole or is serving a term of post-release control.*

Ohio Code § 2929.141(B) (emphasis added) (language effective through April 6, 2009).  This section applies to sentences imposed by Ohio courts not sentences imposed by courts of other states.

existed to support a violation of the Virginia probation to allow that Scott be retaken by Virginia.[10] As the Commission has noted, the purpose of the Compact is to control interstate movement of offenders, without impacting the judicial sentencing of the offender, ICAOS Bench Book, § 2.12.2. Because the Ohio trial court did not have jurisdiction to adjudicate the merits of Scott's Virginia probation violation and revoke Scott's Virginia probation, and, in fact, did not consider the jurisdictional issue, the Virginia trial court was not required to give full faith and credit to the Ohio trial court's judgment and was not precluded from adjudicating Scott's probation violation.

Affirmed.

---

[10] Since Scott was convicted of a new felony in Ohio, a probable cause hearing would not have been required under the Commission rules upon proof of that conviction. ICAOS Rule 5.108(c).