**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**RODNEY E. MILLER, SR., Defendant**

Case No: ST-08-CR-F-0348

Superior Court of the Virgin Islands

Division of St. Thomas and St. John

May 4, 2010

Denise George-Count's, Esq., Assistant Attorney General, U.S. Virgin Islands Department of Justice, St. Thomas, USVI, *Attorney for Plaintiff.*

WILLIAM J. GLORE, ESQ., Dudley, Clark & Chan, L.L.P., St. Thomas, USVI,
*Attorney for Defendant.*

CHRISTIAN, *Judge*

## MEMORANDUM OPINION

(May 4, 2010)

Pending before the Court is Defendant's Renewed Request for Modification of the Judgment and Commitment, which was filed with the Court on February 2, 2010. A hearing was held on the motion on April 6, 2010 at which time the Court advised the parties from the bench that: 1) it has jurisdiction to entertain Defendant's motion, notwithstanding that there is a pending appeal from the Judgment previously entered in this matter; and 2) the relief requested by Defendant should, and will, be denied. This opinion provides the basis for the decision of the Court in greater detail.

### I. Factual and procedural background.

This criminal action was initiated by the filing of a one-count Information on August 27, 2008. Therein, Defendant Rodney E. Miller, Sr. ("Defendant" or "Mr. Miller") was charged with submitting a fraudulent claim with the Government of the Virgin Islands ("Government") in contravention of V.I. CODE ANN. tit. 14, § 843(3). Specifically, the People of the Virgin Islands (the "People") alleged that, on his application for employment as the Chief Executive Officer of the Roy L. Schneider Hospital, Mr. Miller had represented he received an honorable discharge from his service in the United States military when he actually received a dishonorable discharge.

On February 9 and 10, 2009, this matter was tried before a jury, after which a verdict of guilty was returned. Thereafter, Defendant filed post-trial motions which were addressed and denied in the May 6, 2009 Order of this Court. On May 5, 2009, the Court convened a hearing, and Mr. Miller was sentenced to pay a fine of $500.00 and serve a one-year term of probation. During his probation, Mr. Miller was directed to perform 100 hours of community service, pay the statutory probation fee of $200.00, as well as $75.00 in court costs. This sentence was reduced to a written Judgment of this Court on May 12, 2009.

After he was sentenced, but prior to issuance of the written Judgment, Mr. Miller filed Defendant's Motion for Modification of the Judgment and Commitment ("First Motion"). In the First Motion, Defendant requested that his probation be transferred to Florida and he be allowed to perform his 100 hours of community service in Florida, where he had relocated prior to being charged in this matter. In support of the First Motion, he asserted that the Office of Probation was not opposed to his motion, there would be no harm to the Government's interests, and the Government would realize savings by having the State of Florida monitor his probation. While the People did not oppose the First Motion in writing, they orally advised the Court of their opposition to the First Motion. On May 18, 2009, while the First Motion was pending, Mr. Miller filed a Notice of Appeal pursuant to V.I.S. Ct. R. 4 and 5.

By Order dated June 9, 2009, this Court denied the First Motion, stating, in pertinent part, "Here, Defendant was convicted of a crime that he perpetrated against the People of the Virgin Islands. Notwithstanding the recommendation of the Office of Probation, the Court finds that [the] sentencing principle of retribution is not served by allowing Defendant the benefit of convenience, while the victimized community stands to receive nothing." It does not appear from the record that Mr. Miller appealed this Order to the Supreme Court of the Virgin Islands ("Supreme Court").

On February 2, 2010, Mr. Miller filed Defendant's Renewed Request for Modification of the Judgment and Commitment ("Renewed Motion"). Therein, Defendant requested the same relief as that sought in the First Motion, asserting that "serving probation and performing his community service here in the Virgin Islands would place an intolerable burden" on him because his assets were seized in other litigation pending against him in this Court.[1] Mr. Miller further posits in his motion that because he cannot afford housing in the Territory, requiring him to perform community service in the Territory would render him "a ward of the government". The motion was not accompanied by an affidavit or any other documentation which provided a factual basis for Defendant's assertions.

---

[1]     Specifically, Mr. Miller refers to *People of the Virgin Islands v. Rodney E. Miller, Sr.*, Case No. ST-08-CR-F-0427.

On April 6, 2010, this Court held a hearing on the Renewed Motion. The People appeared through Nicholas Peru of the Office of the Inspector General, and were represented by Denise George-Counts, Esquire, Assistant Attorney General. Defendant was represented by William Glore, Esquire, but did not appear in person. Rather, Attorney Glore presented to the Court a document titled "Rodney Miller's Notice of Limited Waiver of Appearance" dated April 6, 2010, in which he waived his right to be present for the hearing.[2] At the hearing, in addition to reasons stated in his written motion, Mr. Miller asserted through his counsel that he had been under the supervision of the probation officials of the State of Florida, had paid approximately $1,200.00 in fees for such supervision, and presented the Court with a document purportedly of the State of Florida Department of Corrections which indicates that Mr. Miller has performed 100 hours of community service in Florida.[3] After hearing from both the People and Mr. Miller, the Court announced its determination that it had jurisdiction to hear Defendant's Renewed Motion, but would deny the same. The reasons for the Court's decision are expounded upon below.

## II. Discussion.

### a. This Court has jurisdiction to determine Defendant's Renewed Motion.

In light of the appeal of his conviction, which remains pending before the Supreme Court, the parties were directed to brief the matter of this Court's jurisdiction to entertain the Renewed Motion. Trial courts have a duty to examine their jurisdiction to hear a matter *sua sponte. E.g., New Mexico v. Gutierrez*, 409 F. Supp. 2d 1346, 1347 (D.N.M. 2006). Both parties filed written responses.[4] The Court was concerned that because Defendant purportedly sought a modification of his judgment, and had appealed said judgment, there was an apparent lack of jurisdiction for this

---

[2]    The document actually refers to a "pretrial conference"; however, at the hearing Attorney Glore acknowledged that it was intended to refer to the motion hearing.

[3]    The hours set forth on the worksheet actually total 106 hours.

[4]    The People's response was belated, and they requested in the body of said response leave to file the document out of time. The Court will grant this request, but cautions that the People must in the future timely comply with orders of the Court or request an extension of time.

Court to address the Renewed Motion under *United States v. Batka*, 916 F.2d 118 (3rd Cir. 1990).

■ However, as he argued at the hearing, Defendant sought only a modification of his probationary terms, and not a modification of the sentence imposed by this Court. As the United States Supreme Court previously stated, probation ". . . comes as an act of grace to one convicted of a crime . . ." and does not affect the finality of a criminal judgment, which is the sentence. *Berman v. United States*, 302 U.S. 211, 212-213, 58 S. Ct. 164, 166, 82 L. Ed. 204 (1937). Therefore, a trial court maintains the authority to modify terms of probation notwithstanding a defendant's appeal of his judgment. *United States v. Lindh*, 148 F.2d 332 (3rd Cir. 1944).[5] Based upon these precedents, this Court concludes that it has jurisdiction to hear Mr. Miller's Renewed Motion, and now proceeds to address the same on the merits.

### b. The law-of-the-case doctrine is applicable to the Renewed Motion and, based on the circumstances of the case, operates to bar said motion.

■ Pursuant to the law-of the-case doctrine, a court is loath to revisit legal issues which it previously decided in the same case. "This rule of practice promotes the finality and efficiency of the judicial process by protecting against the agitation of settled issues." *Warner v. Kmart Corp.*, 2009 U.S. Dist. LEXIS 44502, *40 (D.V.I. 2009) (*quoting Amer. Civil Liberties Union v. Mukasey*, 534 F.3d 181, 187 (3rd Cir. 2008)). This doctrine does not act as a limitation on the authority of a court, but, rather, is applied as a matter of discretion by courts with the aim of promoting judicial economy. *See, Gov't of the Virgin Islands v. AT&T of the Virgin Islands, Inc.*, 51 V.I. 731, 738 (D.V.I. App. Div. 2009). While the law-of-the-case doctrine is more frequently invoked in civil cases, it is equally applicable in criminal proceedings. *E.g., Paul v. United States*, 734 F.2d 1064, 1066 (5th Cir. 1984); *United States v. Lacey*, 1994 U.S. Dist. LEXIS 7392, *18 (D. Kan. 1994). As discussed previously, the

---

[5] The Court notes that both *Berman v. United States and United States v. Lindh* were decided when probation in the federal court system was governed by former 18 U.S.C. § 3651, on which the current Virgin Islands' probation statute, 5 V.I.C. § 3711, is patterned. The Court determines that this factor lends further credence to its conclusion that it has jurisdiction to determine Mr. Miller's Renewed Motion.

Renewed Motion of Mr. Miller seeks exactly the same relief as he sought in the First Motion, which the Honorable Leon A. Kendall denied in the June 9, 2009 Order. Therefore, the law-of-the-case doctrine may properly be invoked to dispose of Mr. Miller's Renewed Motion.

■ However, there are exceptions to the law-of-the-case doctrine. Courts may, in their discretion, decline to apply the law-of-the-case doctrine where: 1) the prior decision was clearly erroneous and results in manifest injustice; 2) there is new evidence which counsels that the prior decision should be altered; or 3) new law which governs the same subject matter has been enacted or issued.[6] *Gov't of the Virgin Islands v. AT&T of the Virgin Islands, Inc., supra.* As set forth below, the Court concludes that there is no justification for the invocation of any of the exceptions to the doctrine.

### 1. The June 9, 2009 Order was not clearly erroneous, and Mr. Miller will not suffer manifest injustice if that Order is not revisited.

At the hearing, counsel for Mr. Miller intimated that requiring him to perform his community service obligation in the Virgin Islands would be an injustice. However, the first exception has two prongs — the prior decision must be clearly erroneous, and it must result in manifest injustice. The Court decides that Defendant has not met either prong.

■ The Virgin Islands is a party to the Interstate Compact for Supervision of Adult Offenders ("ICSAO") in accordance with 5 V.I.C. §§ 4631-4645. Florida also is a party to the ICSAO pursuant to Fla. Stat. § 949.07(2). According to the ICSAO, ". . . it shall be competent for the duly constituted judicial and administrative authorities of a state, party to this compact . . . to permit any person convicted of an offense within such state and placed on probation or released on parole to reside in any other state party to this compact. . . ." 5 V.I.C. § 4632(1).[7] This language clearly reflects that the determination of whether to allow a probationer to reside in another jurisdiction and be supervised under the authority of the receiving state is an exercise of discretion and not a matter of right. This conclusion is supported by the precept that "The compacting states

---

[6] The Court notes that these exceptions are remarkably similar to the factors a movant must demonstrate when pursuing a motion for reconsideration. *See*, LRCi 7.3.

[7] The Virgin Islands is a "state" for purposes of the ICSAO. 5 V.I.C. § 4634(1).

recognize that there is no 'right' of any offender to live in another state. . . ." 5 V.I.C. § 4633(d).

As this Court had discretion to determine whether to permit Defendant to serve his probationary term under the auspices of the State of Florida, including the performance of community service, it follows that Defendant must demonstrate an abuse of that discretion when the Court denied the First Motion in June of 2009 in order to show that decision was clearly erroneous. There is nothing in the record before this Court which supports a finding of an abuse of discretion, which exists when "the [trial] court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Smith v. Magras*, 37 V.I. 464, 472, 124 F.3d 457, 461 (3rd Cir. 1997). In his First Motion, as with the Renewed Motion, Defendant did not present any evidence, via affidavit or otherwise, such that the Court was required to make any specific findings of fact. Thus, neither the first nor last prongs of the abuse of discretion test are met in this instance. Further, as noted above, because the language of ICSAO clearly provides that a judicial authority may, or may not, allow a probationer to move and transfer supervision of his probation, it does not appear that the June 9, 2009 denial of Mr. Miller's First Motion constituted a legal error. Mr. Miller simply made a blanket request without any factual support and the Court declined to grant his naked application. Therefore, he has not demonstrated that the prior Order at issue was clearly erroneous.

Mr. Miller also has not demonstrated that he would suffer a manifest injustice if the decision reached in the June 9, 2009 Order is not amended in his favor. Defendant asserted at the hearing that forcing him to return to the Virgin Islands to perform his 100 hours of community service would work a hardship on him because he has been under the supervision of the Florida Bureau of Corrections, has paid approximately $1,200.00 as fees for said supervision, and he already has completed his 100 hours of community service in Florida. He averred, through counsel, that the Florida officials forced him to take these steps and advised him that his failure to comply would result in a violation or revocation of probation. The Court differs with Defendant's view that these circumstances inflict an injustice on him for three reasons.

First, the assertions were made by counsel, not by Mr. Miller or any other witness who was competent to testify about any discussions between Mr. Miller and the Florida officials. It is settled that the

170

statements of counsel standing alone do not constitute evidence. *E.g.,*
*United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004); *United States v.*
*New York Supreme Court, Erie County*, 2008 U.S. Dist. LEXIS 7705, *19,
[WL] (W.D.N.Y. 2008). Similarly, as there was no witness present to
identify the document counsel produced at the hearing titled "Public
Service Hours", which appears to be on a form for the State of Florida
Department of Corrections, the Court does not give the document any
weight. Thus, there is no competent evidence in the record on which this
Court could find that Mr. Miller suffered an injustice, whether manifest or
otherwise.

Second, in his First Motion Mr. Miller requested both a transfer of his
probation to Florida and the ability to perform his community service in
Florida, and the Court denied the motion in its entirety. Therefore, he was
never placed by this Court under the supervision of the Florida
authorities. Because Mr. Miller did not present any witnesses or evidence
at the hearing, it is not clear why he voluntarily placed himself under the
authority of the Florida officials, but he cannot now be heard to complain
about the consequences of his own actions. Indeed, had he simply put the
Florida officials in contact with his attorney or the Office of Probation of
this Court, a copy of the June 9, 2009 Order could have been transmitted
to Florida, and it would have become readily apparent to them that
Defendant was not under their supervision. Therefore, even if the Court
considered the statements of counsel as testimony and relied upon the
"Public Service Hours" document as evidence, Defendant's taking of
matters into his own hands does not constitute manifest injustice.

Third, assuming solely for the sake of argument that Defendant was
properly under the supervision of the Florida officials, his belief that they
possessed any authority to revoke his probation or otherwise penalize him
for not complying with their instructions was based on his misreading of
the law. As noted above, both the Virgin Islands and Florida are parties to
the ICSAO. Even if Mr. Miller had been under the supervision of the
Florida authorities and violated the terms of his Virgin Islands probation
terms, the Florida officials did not retain any ability to revoke his said
probation. *See, Scott v. Commonwealth*, 54 Va. App. 142, 676 S.E.2d 343,
346-347 (Va. Ct. App. 2009) (Ohio courts lacked jurisdiction to revoke
offender's Virginia probation under the ICSAO). *See also, Peppers v.*
*State*, 696 So.2d 444, 445 (Fla. Dist. Ct. App. 1997). Rather, the duty of
the Florida authorities would have been to notify Virgin Islands officials

171

of any alleged probation violation, and then the Virgin Islands authorities would be obligated to decide what recourse to pursue. *See*, 676 S.E.2d at 347; 696 So.2d at 445. Again, Mr. Miller could have consulted with his counsel, thereby obtaining clarity of his legal status, and avoided the circumstances of which he now complains.

█ For all of the foregoing reasons, the Court determines that Mr. Miller has neither shown that the June 9, 2009 Order of this Court was clearly erroneous, nor that he would suffer manifest injustice if the matter is not revisited and re-determined in his favor. Therefore, the first stated exception, that this Court's prior Order was clearly erroneous, does not apply to avoid application of the law-of-the-case doctrine to Defendant's Renewed Motion.

### 2. Mr. Miller has not presented any new evidence or shown that intervening law requires reconsideration of the June 9, 2009 Order.

█ Because Mr. Miller did not attend the hearing, and no witness was called to present testimony or authenticate documents, the record before the Court today stands as it did when the June 9, 2009 Order of this Court was issued. As noted above, the arguments of counsel are not evidence. *United States v. White, supra; United States v. New York Supreme Court, Erie County, supra.* Further, in reaching its decision the Court is not relying on the "Public Service Hours" document handed to the Court by Defendant's counsel at the hearing. It may be true that the rules of evidence are inapplicable to the hearing which addressed Mr. Miller's terms of probation. FED. R. EVID. 1101(d)(3); SUPER. CT. R. 7.[8] However, even though the Government is not a person for purposes of due process, *see, State of Pa. v. Riley*, 84 F.3d 125, 130 n. 2 (3rd Cir. 1996) ("A State, however, is not entitled to due process protection."), *cert. dismissed*, 519 U.S. 913, 117 S. Ct. 282, 136 L. Ed. 2d 200 (1996), in judicial proceedings the Government is entitled to the same fundamental fairness accorded other parties, including notice and the opportunity to be

---

[8]    In *Phillips v. People*, 51 V.I. 258 (V.I. 2009), the Supreme Court determined that the Uniform Rules of Evidence ("URE"), as adopted in Title 5, Chapter 67, Virgin Islands Code, governed proceedings in the Superior Court. However, on March 23, 2010, the Legislature of the Virgin Islands, in Bill No. 28-0180, Section 15, repealed the URE and adopted the Federal Rules of Evidence to govern proceedings in the Superior Court.

heard. *See, United States v. Jules*, 595 F.3d 1239 (11th Cir. 2010); *United States v. Shakur*, 1986 U.S. Dist. LEXIS 26440, *3 (S.D.N.Y. 1986). In this matter the Government did not have any notice that the "Public Service Hours" document was going to be presented at the hearing, nor any opportunity whatsoever to examine any witness regarding the document's origin and contents. Under these circumstances, the Court declines to accept the "Public Service Hours" document as evidence. Based on the foregoing, plainly Mr. Miller did not present any new evidence as part of his Renewed Motion which would warrant a departure from the law-of-the-case doctrine.

Similarly, Mr. Miller did not assert in his motion or at the hearing that there is any new law which governs modification of probationary terms or the transfer of the supervision of a probationer. The Court has not identified any such applicable intervening law. Therefore, the third exception to the law-of-the-case doctrine is inapplicable to this matter. Inasmuch as Defendant has failed to establish the existence of any exception to the law-of-the-case doctrine, this Court will not revisit the decision it made in the June 9, 2009 Order.

## III. Conclusion.

For the reasons set forth above, the Court concludes that it has jurisdiction to entertain Defendant's Renewed Request for Modification of the Judgment and Commitment. However, the Court also decides that the instant request is a rehashing of the same motion filed by Defendant last year, and the law-of-the-case doctrine counsels that this Court should not revisit its denial of Mr. Miller's First Motion. Defendant's motion, therefore, will he denied in an appropriate order of even date.