******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PRESCOTT, J., concurring. I agree with the conclusions and the analysis set forth in the majority opinion. I write separately only to explain further why I think that the present appeal was not rendered moot by the release of the petitioner, Prince Lewis, from prison during its pendency and by the transfer of his probation supervision to the state of New York.[1] See footnote 5 of the majority opinion.

As our Supreme Court noted in *State* v. *Ovechka*, 292 Conn. 533, 538 n.8, 975 A.2d 1 (2009), an appeal challenging a criminal conviction is not rendered moot by a defendant's release from incarceration because of the collateral consequences that attend a conviction, as well as the fact that the defendant in that case remained subject to a period of probation. Thus, our Supreme Court implicitly concluded that a successful criminal appeal that results in vacating the conviction renders the entire sentence, including any remaining probationary period, void. Applying that reasoning to this habeas case, the petitioner could still obtain practical relief from an adjudication of this appeal, despite having been released from prison, because he remains on probation. In the present case, if the petitioner successfully prevailed on his claim in this appeal that the state of Connecticut waived jurisdiction over him by failing to seek his reincarceration over many years, he would no longer be obligated to serve any portion of his sentence, including the period of probation.

The respondent contends that because the petitioner's probation is being supervised by the state of New York, any relationship between the parties has ended. Nevertheless, even though the petitioner's probation has been transferred to the state of New York, a favorable ruling in this appeal would benefit the petitioner by eliminating his obligation to serve probation *anywhere* and, if violated, to potentially serve the suspended portion of his sentence. Moreover, under the Interstate Compact for Adult Offender Supervision, the "sending state" typically reserves jurisdiction to conduct probation revocation proceedings if the probationer is alleged to have violated the terms of his probation, unless it is clear that the sending state has relinquished all jurisdiction. See, e.g., *Scott* v. *Virginia*, 54 Va. App. 142, 149–50, 676 S.E.2d 343 (2009). The respondent has not called our attention to any evidence that Connecticut has relinquished all jurisdiction over the petitioner-probationer. Thus, the fact that he is allegedly being supervised on probation by the state of New York has no bearing on whether he can obtain practical relief from adjudication of this appeal. Accordingly, because a successful appeal would have afforded the petitioner some practical relief, his appeal is not moot.

[1] In response to the motion to dismiss this appeal as moot filed by the

respondent, the Commissioner of Correction, the petitioner filed an opposition and a motion seeking an evidentiary hearing. Each contained an "offer of proof," in which the petitioner set forth facts he expected to prove at the proposed evidentiary hearing. In its opposition to the motion for an evidentiary hearing, the respondent stated that it was not disputed that "the petitioner is released from the custody of the respondent Commissioner of Correction and is on probation in New York state pursuant to the Interstate Compact for Adult Offender Supervision. See [General Statutes] § 54-133 et seq." Because the central facts regarding mootness are not disputed, I assume them for purposes of deciding whether the petitioner can be afforded practical relief.

———————————————————————